# Supreme Court of Florida

_____

No. SC18-1047
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE - 2018 FAST-TRACK REPORT.**

[July 19, 2018]

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a "fast-track" out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure in response to recent legislation. *See* Fla. R. Jud. Admin. 2.140(e)(1). We have jurisdiction[1] and adopt the amendments as proposed.

The Committee proposes amendments to rules 8.305 (Shelter Petition, Hearing, and Order), 8.340 (Disposition Hearings), 8.400 (Case Plan Development), 8.415 (Judicial Review of Dependency Cases), 8.420 (Case Plan Amendments), and 8.425 (Permanency Hearings). The amendments implement

---

1. Art. V, § 2(a), Fla. Const.

changes to chapter 39, Florida Statutes (2017), made by chapters 2018-45, 2018-103, and 2018-108, Laws of Florida, which became effective July 1, 2018.[2]

The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee's proposals. The Committee did not publish the proposals before filing them with the Court.

After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. The more significant amendments are discussed below.

Subdivision (b)(12) of rule 8.305 (Shelter Petition, Hearing, and Order) is amended to add the child's child care records and early education program records to the list of records that the court, at the shelter hearing, must request the parents to consent to provide access to. *See* ch. 2018-108, § 2, Laws of Fla. (amending 39.402(11)(c), Fla. Stat. (2017)). The amendment to subdivision (c)(9) of rule 8.340 (Disposition Hearings) requires the disposition order to include requirements to preserve the stability of the child's child care, early education program, or any other educational placement. *See id.*

---

2. *See* ch. 2018-45, §§ 1-2, Laws of Fla. (creating § 39.6021(1), (5), Fla. Stat. effective July 1, 2018); ch. 2018-103, §§ 7-8, 9, 12, 33, Laws of Fla. (amending §§ 39.6013, 39.621(5), 39.6221(1), 39.701(2)(d), Fla. Stat. (2017) effective July 1, 2018); ch. 2018-108, §§ 2, 7, Laws of Fla. (amending § 39.402(11)(c), Fla. Stat. (2017) effective July 1, 2018).

New subdivision (b)(6) is added to rule 8.400 (Case Plan Development) to require that if the parent is incarcerated, the case plan contain the list of services available to the parent at the facility. *See* ch. 2018-45, § 1, Laws of Fla. (creating § 39.6021(1), Fla. Stat.).

Two sentences are added to subdivision (i)(1) of rule 8.415 (Judicial Review of Dependency Cases) that require the court to consider, at the judicial review hearing, "the level of the parent or legal custodian's compliance with the case plan and demonstrated change in protective capacities compared to that necessary to achieve timely reunification within 12 months after the removal of the child from the home" and "the frequency, duration, manner, and level of engagement of the parent or legal custodian's visitation with the child in compliance with the case plan." *See* ch. 2018-103, § 12, Laws of Fla. (amending § 39.701(2)(d)(5), Fla. Stat. (2017)).

A new paragraph is added at the end of subdivision (a) of rule 8.420 (Case Plan Amendments) to address the factors the court must consider in amending the case plan. *See* ch. 2018-103, § 7, Laws of Fla. (adding subsection (6) to § 39.6013, Fla. Stat. (2017)). New subdivision (b)(6) is added to rule 8.420 to address case plan modification when the parent is incarcerated after a case plan has been developed. *See* ch. 2018-45, § 1, Laws of Fla. (creating section 39.6021(5), Fla. Stat.).

New subdivision (b)(1)(D) is added to rule 8.425 (Permanency Hearings) to require the court, at the permanency hearing, to consider whether the frequency, duration, manner, and level of engagement of the parent or legal guardian's visitation with the child meets the requirements of the case plan. *See* ch. 2018-103, § 8, Laws of Fla. (adding paragraph (d) to § 39.621(5), Fla. Stat. (2017)). Finally, new subdivision (d)(5)(F) is added to rule 8.425 to require the permanent guardianship order to state whether the child demonstrates a strong attachment to the prospective permanent guardian and whether the prospective permanent guardian demonstrates a strong commitment to permanently caring for the child. *See* ch. 2018-103, § 9 (adding paragraph (f) to § 39.6221(1), Fla. Stat. (2017)).

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]

---

3. All comments must be filed with the Court on or before September 17, 2018, with a certificate of service verifying that a copy has been served on the Committee Chair, David Neal Silverstein, 1301 6th Avenue W., Suite 101, Bradenton, Florida 34205-7403, david.silverstein@myflfamilies.com, and on the Bar Staff Liaison to the Committee, Mikalla Andies Davis, 651 E. Jefferson Street,

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

David Neal Silverstein, Chair, Bradenton, Florida, and Kara Ann Fenlon, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

  for Petitioner

---

Tallahassee, Florida 32399-2300, mdavis@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until October 8, 2018, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## RULE 8.305. SHELTER PETITION, HEARING, AND ORDER

**(a)** **[No Change]**

**(b)** **Shelter Hearing.**

(1) – (11) [No Change]

(12) The court must request that the parents consent to provide access to the child's medical <u>records and</u> to the child's <u>child care records, early education program records, or other</u> educational records and provide information to the court, the department, or its contract agencies, and any guardian ad litem or attorney for the child. If a parent is unavailable, is unable to consent, or withholds consent and the court determines access to the records and information is necessary to provide services for the child, the court shall issue an order granting access.

(13) – (15) [No Change]

**(c) – (d)** **[No Change]**

## RULE 8.340. DISPOSITION HEARINGS

**(a) – (b)** **[No Change]**

**(c)** **Orders of Disposition.** The court shall in its written order of disposition include:

(1) – (8) [No Change]

(9) such other requirements to protect the health, safety, and well-being of the child, to preserve the stability of the child's <u>child care, early education program, or any other</u> educational placement, and to promote family preservation or reunification whenever possible; and

(10)   [No Change]

**Committee Notes**

[No Change]

**RULE 8.400.      CASE PLAN DEVELOPMENT**

**(a)    [No Change]**

**(b)    Contents.** The case plan must be written simply and clearly in English and the principal language of the parents, if possible. Each case plan must contain:

(1) – (3)      [No Change]

(4)      the date the compliance period expires; ~~and~~

(5)      a written notice to the parent that failure of the parent to substantially comply with the case plan may result in the termination of parental rights, and that a material breach of the case plan may result in the filing of a petition for termination of parental rights sooner than the expiration of the compliance period~~.~~; and

(6)      if the parent is incarcerated, the list of services available at the facility.

**(c) – (f)      [No Change]**

**RULE 8.415.      JUDICIAL REVIEW OF DEPENDENCY CASES**

**(a) – (h)      [No Change]**

**(i)    Concurrent Planning.**

(1)      At the initial judicial review hearing, the court must make findings regarding the likelihood of the child's reunification with the parent or legal custodian within 12 months after the removal of the child from the home. In making such findings, the court shall consider the level of the parent or legal custodian's compliance with the case plan and demonstrated change in protective

capacities compared to that necessary to achieve timely reunification within 12 months after the removal of the child from the home. The court shall also consider the frequency, duration, manner, and level of engagement of the parent or legal custodian's visitation with the child in compliance with the case plan.

(2) – (4)    [No Change]

**Committee Notes**

[No Change]

## RULE 8.420.    CASE PLAN AMENDMENTS

**(a)    Modifications.** After the case plan has been developed, the tasks and services agreed upon in the plan may not be changed or altered except as follows.

(1) – (5)    [No Change]

When determining whether to amend the case plan, the court must consider the length of time the case has been open, the level of parental engagement to date, the number of case plan tasks completed, the child's type of placement and attachment, and the potential for successful reunification.

**(b)    Basis to Amend the Case Plan.** The need to amend the case plan may be based on information discovered or circumstances arising after the approval of the case plan for:

(1) – (3)    [No Change]

(4)    an error or oversight in the case plan; or

(5)    information discovered or circumstances arising after the approval of the plan regarding the provision of safe and proper care for the child.; or

(6)    incarceration of a parent after a case plan has been developed if the parent's incarceration has an impact on permanency for the child, including, but not limited to:

(A)     modification of provisions regarding visitation and contact with the child;

(B)     identification of services within the facility; or

(C)     changing the permanency goal or establishing a concurrent case plan goal.

**(c)     [No Change]**


**RULE 8.425.          PERMANENCY HEARINGS**

**(a)     [No Change]**

**(b)     Determinations at Hearing.**

(1)     The court shall determine:

(A)     [No Change]

(B)     when the child will achieve one of the permanency goals; ~~and~~

(C)     whether the department has made reasonable efforts to finalize the permanency plan currently in effect~~.~~; and

(D)     whether the frequency, duration, manner, and level of engagement of the parent or legal guardian's visitation with the child meets the case plan requirements.

(2) – (4)     [No Change]

**(c)     [No Change]**

**(d)     Permanency Order.**

(1) – (4)     [No Change]

(5)     If the court establishes a permanent guardianship for the child, the court's written order shall:

(A) – (C)     [No Change]

(D)     specify the frequency and nature of visitation or contact between the child and his or her parents, siblings, and grandparents; and

(E)     require that the permanent guardian not return the child to the physical care and custody of the person from whom the child was removed without the approval of the court.; and

(F)     state whether the child demonstrates a strong attachment to the prospective permanent guardian and such guardian has a strong commitment to permanently caring for the child.

(6)     [No Change]

(7)     If the court permanently places a child with a fit and willing relative, the court's written order shall:

(A) – (D)     [No Change]

(8)     [No Change]

**(e) – (f)     [No Change]**